
ORIGINAL
FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 13 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BEVERLY A. SHAW, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. |
| WAL-MART STORES EAST, L.P., | * | 1·09-CV-3162 |
| Defendant. | * | **JURY TRIAL DEMAND** |

**COMPLAINT**



Comes Now, Plaintiff, Beverly A. Shaw, and files her complaint against the above-named Defendant on the following grounds:

**INTRODUCTION**

1.

This is an action for religious discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), codified at 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. This is also an action for age discrimination and retaliation pursuant to the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. § 621 et seq. In addition, this is an action pursuant to Georgia law for negligent supervision.

## JURISDICTION

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the Plaintiff's Georgia state law claim for negligent supervision.

4.

Defendant is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

5.

Defendant is an "employer" engaged in an industry affecting commerce as defined by 29 U.S.C. § 630(b).

6.

This Court has personal jurisdiction over Defendant. Defendant is a for-profit corporation doing business within the State of Georgia.

## VENUE

7.

Defendant resides within the Northern District of Georgia. Defendant provides their for-profit services within the Northern District of Georgia. The actions alleged herein occurred within

the Northern District of Georgia. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. § 1391(b) & (c).

**THE PARTIES**

8.

The Plaintiff is a 52 year old female born who resides at 734 Woodhaven Downs, Lawrenceville, Georgia.

9.

Defendant is a for-profit corporation operating in the Northern District of the State of Georgia, and is subject to the jurisdiction of this Court. Defendant may be served with summons and process by service upon Corporation Process Company, 328 Alexander Street, Suite 10, Marietta, Cobb County, Georgia 30060.

**FACTS**

10.

Defendant operates retail stores throughout the United States of America, including the State of Georgia.

11.

The Plaintiff is a 52 year old Jehovah Witness.

12.

On or about August 31, 2001, the Plaintiff began her employment with Defendant as a Sales Clerk at the Defendant's retail store number 0548 located at 630 Collins Hill Road, Lawrenceville, Georgia.

13.

During her employment, the Plaintiff always performed her duties in a satisfactory manner.

14.

Beginning in approximately October of 2006, the Plaintiff held the position of an Inventory Control Specialist.

15.

During the Plaintiff's employment, the Plaintiff has requested religious accommodations by having Wednesday evenings and Sunday's off of work because of her religion.

16.

During the Plaintiff's employment, Co-Manager Ronnie Hudgins and Store Manager Melissa Shaw, harassed the Plaintiff about her requested religious accommodation.

17.

During the Plaintiff's employment, the Plaintiff has applied for promotions to the position of Department Head.

18.

Defendant has denied the Plaintiff promotions to Department Head while substantially younger (under 40 years old) employees have been promoted.

19.

In November of 2008, the Plaintiff was again denied promotions to Department Head.

20.

In November and December of 2008, the Plaintiff complained to Hudgins and Melissa Shaw that she believed Defendant was discriminating against her because of her age.

21.

In January of 2009, Hudgins moved the Plaintiff from the Day Shift which resulted in the Plaintiff being scheduled to work on Wednesday evenings which the Plaintiff could not do because of her religion causing her to lose work hours.

22.

After the Plaintiff was moved from the Day Shift, Defendant moved a substantially younger employee, Yolanda to the Day Shift and into the Plaintiff's position of Inventory Control Specialist.

23.

After the Plaintiff was moved from the Day Shift, the Plaintiff complained to Hudgins and Melissa Shaw that she would not be able to attend religious meetings on Wednesday evenings and that Defendant's actions violated her religious rights.

24.

In March of 2009, Hudgins told the Plaintiff that she could no longer have Sunday off.

25.

As a result, the Plaintiff was forced to choose between her religion and working.

26.

As a result of Defendant's actions, the Plaintiff could not continue to work due to the intolerable working conditions requiring the Plaintiff to violate her religious beliefs, thereby resulting in the Plaintiff's constructive discharge.

27.

Defendant has engaged in illegal discrimination against the Plaintiff because of her religion.

28.

Defendant has engaged in unlawful religious discrimination in the terms and conditions of the Plaintiff's employment, including but not limited to the denial of her request for religious accommodations.

29.

During her employment, the Plaintiff complained about religious discrimination in the workplace and opposed Defendant's discriminatory employment practices.

30.

After complaining, the Plaintiff has been retaliated against in the terms and conditions of her employment, including but not

limited to promotions, assignments, harassment because of her religion, and the denial of religious accommodations.

31.

Defendant has engaged in unlawful retaliation in the terms and conditions of the Plaintiff's employment.

32.

Defendant has engaged in illegal discrimination against the Plaintiff because of her age.

33.

Defendant has engaged in illegal retaliation because the Plaintiff complained about perceived age discrimination in the workplace.

## COUNT ONE: TITLE VII – RELIGIOUS DISCRIMINATION

34.

Plaintiff incorporates herein paragraphs 1 through 33 of his Complaint.

35.

Defendant has engaged in intentional religious discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, her assignments, accommodations, promotions, and her constructive discharge.

36.

Defendant's conduct violates Title VII.

37.

On May 6, 2009, the Plaintiff filed a timely Charge of Discrimination alleging religious discrimination with the Equal Employment Opportunity Commission ("EEOC"). (A true and accurate copy of EEOC Charge of Discrimination #410-2009-02757 is attached hereto as Exhibit A)

38.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

39.

On or about August 21, 2009, the Plaintiff received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination. (A true and accurate copy of EEOC Notice of Right to Sue for Charge of Discrimination #410-2009-0757 is attached hereto as Exhibit B)

40.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from the EEOC.

41.

Defendant's discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

42.

Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

43.

Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**COUNT TWO: TITLE VII - RETALIATION**

44.

Plaintiff incorporates herein paragraphs 1 through 43 of her Complaint.

45.

Defendant has engaged in illegal retaliation in the terms and conditions of the Plaintiff's employment, including, but not limited to, her assignments, accommodations, promotions, and her constructive discharge.

46.

Defendant's conduct violates Title VII.

47.

On or about May 6, 2009, the Plaintiff filed a timely Charge of Discrimination alleging retaliation with the EEOC. (Exhibit A)

48.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

49.

On or about August 21, 2009, the Plaintiff received her "Notice Of Right To Sue" letter from the EEOC for both her Charges of Discrimination. (Exhibit B)

50.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right To Sue" letters from the EEOC.

51.

Defendant's retaliatory conduct in violation of Title VII has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

52.

Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

53.

Defendant has engaged in retaliatory practices with malice and reckless indifference to the Plaintiff's federally protected rights thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT THREE: ADEA - AGE DISCRIMINATION

54.

Plaintiff incorporates herein paragraphs 1 through 53 of her Complaint.

55.

Defendant has engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, her assignments and promotions.

56.

Defendant's conduct violates the ADEA.

57.

On May 6, 2009, the Plaintiff filed a timely Charge of Discrimination alleging age discrimination with the EEOC. (Exhibit A)

58.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

59.

On or about August 21, 2009, the Plaintiff received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination. (Exhibit B)

60.

The Plaintiff has filed this action under the ADEA within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from the EEOC.

61.

Defendant's discriminatory conduct, in violation of the ADEA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

62.

Defendant's actions have not been grounded in good faith and have not been based upon reasonable grounds, entitling the Plaintiff to liquidated damages under 29 U.S.C. § 260.

**COUNT FOUR: ADEA - RETALIATION**

63.

Plaintiff incorporates herein paragraphs 1 through 62 of her Complaint.

64.

Defendant has engaged in illegal retaliation in the terms and conditions of the Plaintiff's employment, including, but not limited to, her assignments, accommodations, promotions, and her constructive discharge.

65.

Defendant's conduct violates the ADEA.

66.

On May 6, 2009, the Plaintiff filed a timely Charge of Discrimination alleging retaliation with the EEOC. (Exhibit A)

67.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

68.

On or about August 21, 2009, the Plaintiff received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination. (Exhibit B)

69.

The Plaintiff has filed this action under the ADEA within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from the EEOC.

70.

Defendant's retaliatory conduct, in violation of the ADEA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

71.

Defendant's actions have not been grounded in good faith and have not been based upon reasonable grounds, entitling the Plaintiff to liquidated damages under 29 U.S.C. § 260.

## COUNT FIVE: NEGLIGENT SUPERVISION

72.

Plaintiff incorporates herein paragraphs 1 through 71 of her Complaint.

73.

Upon information and belief, Defendant failed to properly train and/or supervise its employees in the federal employment laws.

74.

Defendant's failure to properly train and/or supervise its employees in the federal employment laws resulted in the Plaintiff's rights being violated.

75.

The conduct suffered by the Plaintiff was a reasonably foreseeable consequence of Defendant's failure to properly train and/or supervise its employees in the federal employment laws.

76.

Defendant's actions have caused the Plaintiff to suffer loss of income, and mental and emotional distress.

77.

Defendant's negligent supervision of its employees has caused the Plaintiff damage to her reputation, loss of feelings, sensibilities, and humiliation, entitling the Plaintiff to

nominal, special and general, compensatory and punitive damages as allowable under Georgia law.

**PRAYER FOR RELIEF**

78.

Wherefore, Plaintiff prays for a judgment as follows:

1.  That the Court order Defendant to promote and reinstate the Plaintiff;
2.  That the Court grant full front pay to the Plaintiff;
3.  That the Court grant full back pay to the Plaintiff;
4.  That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendant' conduct;
5.  That the Court grant Plaintiff liquidated damage under the ADEA;
6.  That the Court grant Plaintiff punitive damages for Defendant's malicious and recklessly indifferent conduct;
7.  That the Court grant Plaintiff all employment benefits she would has enjoyed had she not been discriminated against;
8.  That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees pursuant to Title VII, the ADEA, and/or 42 U.S.C. § 1988;
9.  That the Court grant Plaintiff a jury trial;

10. That the Court grant Plaintiff all other relief the Court deems just and proper; and,

11. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further discriminatory conduct.

Respectfully submitted this 13th day of November 2009.

**THE REDDY LAW FIRM, P.C.**

_____
K. PRABHAKER REDDY
Attorney at Law
Georgia Bar No. 597320

Please serve:
K. Prabhaker Reddy
THE REDDY LAW FIRM, P.C.
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net